**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES GOLBERT, COOK COUNTY PUBLIC GUARDIAN, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> MARC D. SMITH, ET AL., <br><br> Defendants. | ) <br> ) Case No. 1:23-cv-00300 <br> ) <br> ) <br> ) <br> ) Honorable Martha M. Pacold <br> ) Magistrate Judge Gabriel A. Fuentes <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS**

Plaintiffs allege that the Illinois Department of Children and Family Services ("DCFS") does not have, and for at least 35 years has not had, enough placements for children who are wards of DCFS, specifically those who are awaiting adjudication for juvenile delinquency at the Cook County Juvenile Temporary Detention Center. Dkt. 1, Cmplt. ¶ 29, 30, 60, 66, 67, 81. On behalf of a putative class, Plaintiffs advance a novel theory that they can obtain *money damages* from DCFS, and its current and recent Directors and other senior agency leadership, for this alleged systemic shortage of placement options. Defendants have moved to dismiss on the grounds that such damages claims against DCFS and its senior leadership are barred by the Eleventh Amendment and qualified immunity, in addition to other fatal pleading deficiencies; Defendants also have moved to strike the class allegations as facially and inherently deficient. Dkt. 16. Under these circumstances – where the motion to dismiss may resolve the entire case and threshold immunity questions are appropriately raised – the Court should stay discovery pending a ruling on Defendants' motion.

1

ARGUMENT

Federal Rule of Civil Procedure 26 gives courts "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." See Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Stays of discovery pending a ruling on a motion to dismiss are "granted with substantial frequency." *Bilal v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, at *3–4 (N.D. Ill. June 6, 2007). Such stays are "not disfavored and are often appropriate where the motion to dismiss can resolve the case – at least as to the moving party." *Id*. In deciding whether to stay discovery, courts consider whether a stay will: (1) "simplify the issues in question and streamline the trial," (2) "unduly prejudice or tactically disadvantage the non-moving party," and (3) "reduce the burden of litigation on the parties and on the court." *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, at *4 (N.D. Ill. Mar. 9, 2022). Here, all three factors support a stay of discovery.

1. Simplify the Issues

The first factor, which considers whether a stay will simplify the issues, weighs heavily in favor of staying discovery. Stays are "often appropriate" where a motion to dismiss can resolve the entire case, where the defendant has raised an immunity defense, or where the issue presented by the motion is a threshold one. *See Bilal*, 2007 U.S. Dist. LEXIS 41983, at *4. "[T]he fact that the issues raised could potentially be dispositive weighs in favor of staying discovery." *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *4; *see also Sadler v. Retail Props. of Am.*, No. 12 C 5882, 2013 U.S. Dist. LEXIS 206557, at *8 (N.D. Ill. Sept. 27, 2013) (staying discovery because defendants filed motions to dismiss that were "potentially dispositive" and "not frivolous").

Defendants' motion to dismiss raises two threshold immunity issues. First, as detailed in the motion to dismiss, Defendants are entitled to qualified immunity. "The basic thrust of the

2

qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal citations omitted); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (providing that qualified immunity and the other immunities were created to "ensure that insubstantial claims against government officials [will] be resolved prior to discovery" and that the question of qualified immunity should be resolved at the earliest possible stage in litigation) (internal citations omitted); *Crawford-El*, 523 U.S. at 597-98 (a trial court "must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."). "[T]rial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." *Landstrom v. Illinois Dep't of Children & Family Services*, 892 F.2d 670, 674 (7th Cir. 1990) (citation omitted); *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (cleaned up and citation omitted) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—cabined or otherwise—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. The rule is that a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation—full stop."). Resolution of qualified immunity before discovery will simplify the issues "because the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted" on that basis. *Liggins v. Reicks*, No. 19-50303, 2021 U.S. Dist. LEXIS 127302, *7 (N.D. Ill. July 8, 2021).

  Defendants also are entitled to Eleventh Amendment immunity, as their motion explains. Such immunity similarly "is an immunity from *suit* (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage

3

and don't get discovery. They don't pass go." *Massey v. Willard*, No. 22-3924, 2023 U.S. Dist. LEXIS 14889, *3 (E.D. La. Jan. 30, 2023) (citation omitted). The Eleventh Amendment defense similarly supports a stay of discovery pending resolution of the motion to dismiss. *Id.*

While Plaintiffs' complaint purports to advance claims under the Rehabilitation Act and the Americans with Disabilities Act ("ADA") that would not be disposed of by the Eleventh Amendment and qualified immunity arguments, the case nonetheless will be simplified greatly if Plaintiffs' § 1983 claims are dismissed on immunity grounds. And Defendants have raised other dispositive arguments for the purported Rehabilitation Act and ADA claims, such that Defendants' motion to dismiss, if granted in full, will resolve the entire case including both constitutional and statutory claims. The first factor weighs strongly in favor of a stay.

2. <u>Undue Prejudice or Tactical Disadvantage</u>

The second consideration also favors a stay, because Plaintiffs cannot show they would suffer undue prejudice or tactical disadvantage while the Court considers Defendants' motion to dismiss. Time required to determine a pending motion to dismiss by itself "does not constitute undue prejudice." *See, e.g., Black & Decker, Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 U.S. Dist. LEXIS 153795, at *6 (N.D. Ill. Oct. 1, 2013); *see also Nat'l Police Ass'n v. Gannett Co.*, No. 21 C 1116, 2021 U.S. Dist. LEXIS 224410, at *6 (S.D. Ind. Oct. 25, 2021) ("[W]hile a stay necessarily slows the progression of a case, a short delay on its own does not constitute undue prejudice."). Where, as here, a motion to dismiss raises threshold issues that could dispose of the entire case, "a small delay in discovery while awaiting adjudication of the motion is reasonable" and "will not unduly prejudice any party." *In re Clearview AI*, No. 21 C 135, 2021 U.S. Dist. LEXIS 238261, at *7 (N.D. Ill. Aug. 31, 2021). This factor also counsels in favor of a stay.

4

3. Burden of Litigation on the Parties and the Court

"District courts have stayed discovery in a variety of complex cases." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933, at *9 (N.D. Ill. May 21, 2009). This includes putative class actions, where discovery can be especially burdensome. *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *4 ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss."). Granting a stay here will ensure that Defendants, who are current and former state officials and a state agency, are not forced to expend time and resources on discovery that will have been unnecessary if the Court dismisses the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (noting that litigation "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government").

Here, Defendants have moved not only to dismiss each of the Plaintiffs' claims, but Defendants also moved to strike the putative class claims. While Defendants' motion may dispose of the entire case, even if the motion is not granted in full, it will dictate the scope and appropriate sequencing of discovery. *See Rodriguez*, 2022 WL 704780, at *2 ("stay will reduce the burden on the parties" because ruling on motion to dismiss "could greatly affect the cost and scope of discovery"). For instance, if qualified immunity is not resolved on the pleadings, it may be appropriate to focus discovery first on that immunity question. *See Crawford-El*, 523 U.S. at 599-600 ("Of course, the judge should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible."). And resolution of the pending motion will determine whether class discovery is needed (if the class allegations are stricken), or if class discovery should proceed quickly (after qualified immunity) to resolve the class issue at the

earliest possible juncture. *See Lake v. Unilever U.S., Inc*., No. 12-6058, 964 F. Supp. 2d 893, 933 (N.D. Ill. Aug. 7, 2013) (bifurcating class and merits discovery when doing so "will allow the Court to reach a decision on the issue of class certification more expeditiously than it otherwise would, as proceeding with merits discovery may delay the parties' submission of their briefs on the class certification issue"). If discovery proceeds before the clarity that resolution of the motion to dismiss and motion to strike class allegations will provide, the parties will be burdened by discovery that may not even be relevant to the surviving claims, if any survive. This third factor counsels strongly in favor of a stay.

## CONCLUSION

For these reasons, this Court should stay discovery in this case pending a ruling on Defendants' motion to dismiss and to strike class allegations.

Dated: July 11, 2023                                   Respectfully submitted,

Barbara L. Greenspan                                   KWAME RAOUL
Assistant Attorney General                             Illinois Attorney General
100 W. Randolph St., 11-200
Chicago, Illinois 60601                           By:  s/Barbara L. Greenspan
(312) 814-7087                                         Barbara L. Greenspan
Barbara.greenspan@illinois.gov

6

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney of record, hereby certifies that, on July 11, 2023, she caused to be filed through the Court's CM/ECF system a copy of Defendants' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss and Motion to Strike Class Claims. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

                                              /s/ *Barbara L. Greenspan*
                                              Barbara L. Greenspan