UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES GOLBERT, | ) | |
| | ) | Case No. 23 C 300 |
| Plaintiff, | ) | |
| | ) | District Judge Martha M. Pacold |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| MARC D. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this matter before the Court on a referral including discovery supervision (D.E. 14), Cook County Public Guardian Charles Golbert and nine minor children as putative class members (collectively, "Plaintiffs") have sued Illinois Department of Children and Family Services ("DCFS") director Marc D. Smith, DCFS, and several DCFS officials and staff members (collectively, "Defendants") over alleged unconstitutional DCFS practices at the Cook County Juvenile Temporary Detention Center ("CCJTDC"). Before the Court is Defendants' contested motion to stay discovery ("Motion To Stay"; D.E. 24) pending the district court's resolution of Defendants' motion to dismiss (and to strike class allegations) based on qualified immunity and sovereign immunity grounds ("Motion to Dismiss"; D.E. 10).

In the Motion to Dismiss and the Motion to Stay, Defendants make an assertion (Defendants' Memorandum in Support of Motion to Dismiss ("Def. Mem."; D.E. 16) at 1; Motion to Stay at 1) that Plaintiffs have not yet sought to refute: That Plaintiffs seek *money damages* against Defendants stemming from an alleged systemic shortage of residential placement options and thus from resulting wrongful incarceration of putative child class members at CCJTDC (Plaintiffs' Response to Defendant's Motion to Stay Discovery ("Pl. Stay Resp."; (D.E. 28)),

1

passim), as the CCJTDC is, after all, a juvenile jail. A substantial part of the parties' disagreement, which the magistrate judge does not resolve as the Motion to Dismiss is before the district court, concerns whether Plaintiffs' claims should or should not be treated as policy and practice claims under 42 U.S.C. § 1983 and *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978), and as such are money damages claims as to which Defendants say they are immune from suit. *See* Def. Mem. at 1-2; Plaintiffs' Response to Motion to Dismiss ("Pl. Dismissal Resp."; D.E. 23) at 4-5.

On review of the Motion to Stay and Plaintiffs' response to it, filed yesterday, the Court has come to the preliminary conclusion that a stay of some form is appropriate, given the presentation of "threshold issues," namely qualified immunity and sovereign immunity, in the pending Motion to Dismiss. *See New England Carpenters Health & Welfare Fund v. Abbott Labs*., No. 12 C 1662, 2013 WL 690613, at *2-3 (N.D. Ill. Feb. 20, 2013). The Court is unpersuaded by Plaintiffs' argument that the Motion to Stay should be denied simply because the Motion to Dismiss is "doomed to fail" on its merits, Pl. Stay Resp. at 1, as the merits of the dismissal motion are for Judge Pacold to decide, and again, the Court views the issues presented in the Motion to Dismiss as sufficiently threshold to justify a stay of discovery.

Nonetheless, in looking at all three of the relevant factors for consideration on a stay motion in the district court, *see Tel. Science Corp. v. Asset Recovery Solutions, LLC*, 15 C 5182, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016), the Court is not granting the Motion to Stay just yet. Among these factors is whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Id.* Here, Plaintiffs contend that a discovery stay could seriously prejudice them in this case because:

> [T]he passage of time will make discovery into class members and their wrongful incarceration more difficult to obtain …. as time passes and the class members age

2

> out of DCFS custody or care. These children will move and become more difficult to locate. Many from this vulnerable population will find themselves in unstable living situations. Plaintiffs' ability to conduct discovery and communicate with class members will be seriously impacted by the passage of time.

Pl. Stay Resp. at 3, 6-7. The Court is highly sensitive to this argument and to the interests of children. This matter is not yet consuming time at the slow pace of Jarndyce & Jarndyce, see Charles Dickens, *Bleak House* 16 (1853) (Penguin 1996 ed.), but the involvement of child litigants or child putative class members may suggest a need to avoid delay of their part of discovery. Children do grow older, but children at risk may experience their growth along a variety of riskier, less stable pathways. Their circumstances may well involve transitory residence or other situations that could make them more difficult to find as time passes. Although some of the available social science data is focused on youth homelessness, the Court found this research helpful on the question of how the passage of time might complicate obtaining discovery from youths involved in delinquency or dependency proceedings.

> Many youth experiencing homelessness who have been in foster care consider their experience in the foster system as the beginning of their homelessness. They describe their experience as part of a larger pattern of instability, bouncing from foster home to group home, running away, back to another foster home or back home with their parents. Finding safe and stable housing can be challenging in and of itself, and often is greater for youth exiting the foster care system due to interrelated disparities, including lack of financial support, lower educational attainment and limited employment opportunities.

National Conference of State Legislatures, "Youth Homelessness Overview" (updated Mar. 29, 2023) (available at https://www.ncsl.org/human-services/youth-homelessness-overview). The Court has no doubt that Judge Pacold will act with appropriate speed on the Motion to Dismiss, but the magistrate judge cannot help but note that the complexity and length of the briefing (which is not yet complete) will naturally result in a thorough and careful evaluation and approach by the judge on these important issues, and that this might take time. In the meantime, the Court is

considering permitting limited discovery involving the children's identification and information while staying other discovery.

Defendants here include institutional and individual defendants, and their experienced counsel, who all are keenly attuned to the interests of children generally, by their very mission and their understanding of the strong exhortation of Illinois law on how the legal interests of minors must be treated. *See* Illinois Juvenile Court Act of 1987, 705 ILCS 405/1-2(2) ("This Act shall be administered in a spirit of humane concern, not only for the rights of the parties, but also for the fears and the limits of understanding of all who appear before the court.") The Court kindly directs Defendants to focus their Motion to Stay reply brief on the foregoing question of the appropriateness and/or feasibility of a partial stay that would reduce or minimize prejudice to Plaintiffs by allowing limited discovery concerning the identification and information of children. Alternatively, the parties may of course confer, and in the event that they reach an agreement on the parameters of a partial stay permitting limited, child-related discovery during the pendency of the Motion to Dismiss, they may advise the Court in a joint status report in lieu of a reply brief from Defendants.

The Court is uncertain now of what the workable parameters of such limited discovery could be, and the Court wants to hear Defendants' views on limited discovery before deciding the Motion to Stay. *See New England Carpenters*, 2013 WL 690613, at \*3 ("Courts increasingly find that class certification and merits issues overlap."). Although the Illinois Juvenile Court Act does not facially apply to these proceedings, this Court will consider the interests of children on this motion in a spirit of humane concern. Accordingly, the August 1, 2023, deadline for Defendants' reply (as directed above) on the Motion to Stay is extended to 5 p.m. on August 10, 2023, to allow

4

time for further consideration and conference. If the parties reach agreement on a resolution to the Motion to Stay, the status report in the alternative is due by 5 p.m. on August 10.

**SO ORDERED.**

                                             **ENTER:**

                                             **GABRIEL A. FUENTES**
                                             **U.S. Magistrate Judge**

**DATED:**      **July 26, 2023**