**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES GOLBERT, et al., | ) | |
| | ) | Case No. 1:23-cv-00300 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| MARC D. SMITH, et al, | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |
| | ) | |

JOINT STATUS REPORT REGARDING DISCOVERY PROGRESS

The parties submit this joint status report regarding discovery pursuant to the Court's July 2, 2025 minute entry [Dkt. 81].

**Update on Discovery:** All parties have served their initial written discovery requests and made their initial Rule 26(a)(1) disclosures. Defendant DCFS is producing documents identified in its Rule 26(a)(1) disclosures on a rolling basis. Plaintiffs have produced documents identified in their Rule 26(a)(1) disclosures. Defendants do not believe that the production satisfies Plaintiffs' obligations, but are in the process of reviewing what has been produced.

**Update on ESI Discovery:** The parties have met five times regarding ESI protocol in this case, in an attempt to maximize the efficiency and proportionality of any ESI discovery conducted. In accordance with the court's approval of the parties' request to phase discovery to engage in class discovery before any discovery that solely relates to the merits of Plaintiffs' claims, the parties have focused on this first phase of discovery. Dkt. 66, 64.

Thus far, the parties have agreed to the custodians to be searched on both sides. The parties believe that the following issues can be resolved and that an impasse can be avoided or

disputes limited by the parties getting and exchanging search terms reports that provide "hit counts" on the various search terms.

### 1) The time period for ESI discovery to Defendant DCFS

**Plaintiffs' Position:** Plaintiffs propose that the ESI discovery be conducted beginning 2 years before the filing of the Complaint to the present for general search terms, and for search terms specific to any of the Plaintiffs, a period one month before to one month after the beginning and end of each Plaintiff's time held RUR.

**Defendant's Position:** Defendant agrees to the time frame for the Plaintiff-specific search terms (i.e., one month before and one month after the beginning and end of each Plaintiff's time held RUR).

For the remaining terms, Defendant agrees with Plaintiffs' start date for the ESI search (2 years prior to the Complaint) but disagrees with the end date. Plaintiffs filed their Complaint on January 19, 2023, and seek damages for conduct pre-dating the Complaint. They do not seek injunctive relief for an ongoing violation or ongoing conduct. They have not attempted to supplement their Complaint to include any "transaction, occurrence, or event that happened after the date of the pleading" pursuant to Rule 15(d). And they have not explained and cannot explain why two years of ESI discovery for the relevant time period in this case should be followed by 2.5 years of ESI discovery for a time period during which none of the relevant allegations occurred. Post-Complaint discovery is not relevant, unduly burdensome, and not at all proportional to the needs of the case, particularly pre-certification discovery.

### 2) Search terms to be used for ESI discovery to Plaintiffs

**Defendant's Proposed Search Terms:** Defendant proposes searching specific sets of custodians for specific search terms. Defendants proposes three groups of custodians: (1) Chuck

Golbert, Brian Finley and Nick Youngblood; (2) the Assistant Public Guardians who represented

the nine named Plaintiffs; and (3) the nine individual plaintiffs.

| Proposed Search Term | Custodian Group |
|---|---|
| "release upon request" OR "RUR" OR "R.U.R. | All groups |
| The nine plaintiffs' names | Groups 1 and 2 |
| DCFS" OR "Department" AND release | All groups |
| "DCFS" OR "Department" AND RUR | All groups |
| "mental health" | All groups |
| disability! | All groups |
| diagnos! | All groups |
| Crim! | Group 3 |
| Jail! | Group 3 |
| Prison! | Group 3 |
| Detention | Group 3 |
| JDTC | Group 3 |
| Offense | Group 3 |
| Charge | Group 3 |
| Felony | Group 3 |
| Misdemeanor | Group 3 |
| Delinquen! | Group 3 |
| Court | Group 3 |
| "Heidi Dalenberg" OR "Dalenberg" OR "ACLU" | Group 1 |

**Plaintiffs' Position:** Plaintiffs object to Defendant's proposed search terms other than "release upon request" OR "RUR" OR "R.U.R." That search term should discover all relevant emails pertaining to the issue of children being held RUR. Because the parties are supposed to conduct only class discovery at this time, searching the named Plaintiffs' text messages and emails to discover statements about the basis for their stay at the Juvenile Treatment and Detention Center is not relevant or proportionate to the discovery needs of the case. Further, searching all custodians' ESI for terms such as "disability" or "mental illness" is woefully overbroad and conducting such searches is not proportionate to the needs of the case.

**Defendant's Position:** Defendant's position is that discovery regarding each Plaintiff's unique situation is critical to defending against Plaintiffs' class allegations, including challenging commonality and typicality, and the predominance requirement under Rule 23(b)(3). The context regarding the "basis for their stay at the Juvenile Treatment and Detention Center" – that is, the crime that they were charged with – directly impacts what DCFS placement options are appropriate for a specific individual. And the entire premise of Plaintiffs' remaining claims is that Plaintiffs were disabled and discriminated against because of their disability. Whether that disability was made known to DCFS; whether Plaintiffs perceived or complained of such discrimination at the time of their incarceration; and whether these disabilities are similar or different are plainly relevant and central inquiries.

3) **The search terms to be used for ESI discovery to Defendant DCFS**

**Plaintiffs' Proposed Search Terms:** Plaintiffs propose searching Defendant's custodians for the following terms:

- "RUR" OR "R.U.R." OR "Release Upon Request"

- "referral packet" AND "wait! list"

- ("Alexian" OR "AMITA" OR "Scott Nolan" OR "Chicago Behavioral" OR "Lakeshore" OR "S! Elizabeth!" OR "S! Joseph" OR "S! Joe!" OR "Children's

4

Center" OR "S! Mary!" OR "Garfield Park" OR "Hartgrove" OR "Lincoln Prairie" OR "Pavilion" OR "Riveredge" OR "River Edge" OR "Riverside" OR "River Side" OR "Roseland" OR "Rose Land" OR "Streamwood" OR "Stream Wood" OR "CATU" OR "Comprehensive Assessment" OR "UIC" OR "UIC-Hospital" OR "Northwest Community" OR "Lurie" OR "Lutheran General" OR "Linden Oaks" OR "Lake Behavioral") AND "wait! list"

- "[Plaintiff First Name] [Plaintiff Last Name]" (time limited search –from one month before RUR period for that child to one month after)

**Defendant's Position:** Defendant agrees to the first search above. Defendant proposes adding "AND RUR" to the second and third search terms above. For the Plaintiff-specific search, the proposed search will likely return a significant number of non-responsive hits that will be unduly burdensome to review. Defendant is willing to continue to work with Plaintiffs on further limitation to this search.

3. **Update on Settlement:** The parties have not held any settlement talks to date.

Respectfully submitted,

/s/ Russell Ainsworth
Attorneys for Plaintiffs

Jon Loevy
Russell Ainsworth
Megan Pierce
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

KWAME RAOUL
Illinois Attorney General

By:   /s/ Barbara L. Greenspan
Barbara L. Greenspan
Assistant Attorney General
115 S. LaSalle St.
Chicago, Illinois 60603
(312) 814-7087

Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record, hereby certifies that, on July 10, 2025, she caused to be filed through the Court's CM/ECF system a copy of Joint Status Report. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

<u>/s/ Barbara L. Greenspan</u>